## EX PARTE D. R. CAMPBELL.

### No. 1962. Decided June 19, 1912.

**1.—Local Option—Companion Case.**

Where the issues involved are decided in a companion case, the same will control.

**2.—Same—Complaint—Name of Purchaser.**

Where the complaint, charging defendant with a violation of the local option law, did not describe the person to whom the liquor was alleged to have been sold and who was alleged to be unknown, or gave reasons why a description was not given, the same was insufficient. Following McCloy v. State, 47 Texas Crim. Rep., 125, and other cases.

**3.—Same—Fixing Amount of Bond.**

See opinion fixing amount of bond at the sum of $500 in each case, where a valid complaint has been filed.

From Potter County.

Original habeas corpus proceedings to fix bail, on complaint charging relator with a violation of the local option law.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for relator.

*C. E. Lane,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.

HARPER, JUDGE.—Appellant was arrested on a complaint charging him with violating the local option law. Nine separate and distinct complaints were filed against him, and he, waiving an examining trial, was bound over to await the action of the grand jury in Potter County. This is a companion case of Ex parte Creed, this day decided, and the same issues are involved, except one which will be hereinafter discussed, and for our opinion on those issues we refer to and adopt the opinion in the Creed case. The issue in this case which was not in the Creed case is, that in some of the complaints the charge is

(omitting formal allegations and the allegation that prohibition is in force in the territory described) that relator "D. R. Campbell did then and there unlawfully sell certain intoxicating liquors, to wit: whisky, to a person to me unknown," etc. Our Code of Criminal Procedure provides that in an indictment for selling intoxicating liquors in violation of any law in this State, it shall be sufficient to charge that the defendant sold intoxicating liquors contrary to law, *naming the person to whom sold;* and in article 444 it is provided that in alleging the name of the defendant, *or of any other person necessary to be stated,* when the name is unknown, that fact shall be stated, and a reasonably accurate description of such person given. All of our decisions have construed both of these articles to apply to sales of intoxicating liquor in prohibition territory, and under these decisions the complaints, not describing the person alleged to be unknown, are not in compliance with the law. A sale can be alleged to have been made to an unknown person when that fact is stated in the complaint, and a reasonably accurate description of such person is given in the complaint, or reasons given why a description or name is not given. The object of the statute is to apprise the party to whom he is alleged to have made a sale, and fix the prosecution to some definite sale, and this should be done. The rules governing allegations of this character will be found in Melton v. State, 56 S. W. Rep., 67, and cases there cited; McCloy v. State, 47 Texas Crim. Rep., 125, and Cock v. State, 8 Texas Crim. App., 665.

It appearing from the evidence that relator is under bond in several cases to appear before the District Court in the sum of $3,000, and it further appearing that in some of the complaints now pending against him in which he has not given bond, he is remanded in those cases and his bond fixed in the sum of $500 in each of those cases in which he has not given bond.

As to those cases in which a sale is alleged to have been made to a person unknown, without giving any description of such person, or reasons why a description is not given, relator will be discharged, and no bond required in cases based on such complaints. However, the sheriff having testified that in each of such cases that it was intended to allege a sale to a particular person, but the person giving him the information did not know the name of the purchaser but gave a description of him, and he expected to locate the man, and the district attorney having testified to the same facts, the sheriff will hold relator until a complaint can be filed in conformity with this opinion in those cases, if it is desired to do so; if not filed in a reasonable time he will discharge relator upon him giving bond in the other cases, but if complaints are refiled in the cases where the complaints are held invalid, bond in such cases is fixed in the sum of $500 each.

Bail fixed and relator remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, not sitting.